EASTERN DIST.
*March*, 1837.

LINCOLN ET AL.
*vs.*
SMITH.

―――――

## LINCOLN ET AL. *vs.* SMITH.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where the master of a ship draws a bill in favor of the agents and consignees of the vessel, for supplies and disbursements they have made, and with their knowledge that he drew as master, and not on his own account, he will not be liable.

The drawer of a will may show that he drew it as agent of another, and not on his own account.

This suit was instituted in January, 1836, on three bills of exchange, amounting to upwards of four thousand dollars, drawn by the defendant in the month of January, 1829, on Henry Payson & Co., of Baltimore, and delivered to the plaintiffs. They were protested for non-payment, and the drawer is now sought to be made liable on them.

The defendant admitted his signature to the drafts sued on, but denied his liability to pay them. He averred that he drew them as master of the brig Virginia, at the request of the plaintiffs, who were agents of the owners and consignees of the vessel, for disbursements made by them; that he never received any consideration for 'said drafts, and was never notified of their dishonor. He pleads the prescription of five years.

Upon these issues the parties went to trial. The evidence showed the defendant drew the bills in question as master of the vessel, and that the plaintiffs - were the agents of the owners. After hearing all the evidence, the parish judge gave judgment for the defendant, on the plea of prescription. The plaintiffs appealed.

*J. Slidell*, for the plaintiffs.

The defendant was liable, as master of the vessel, for the disbursements made on her account while under his command. The plaintiffs cannot be presumed to have intended to discharge him by receiving his drafts. 5 *Louisiana Reports*, 335.

2. The defendant having drawn the bills without any authority, was not entitled to notice of their dishonor.

3. The notice of protest directed to him at New-Orleans, where he drew the drafts, was sufficient.

4. The plea of prescription cannot be maintained in the case. It has no analogy to that of Kers et al. *vs.* Erwin, 4 Louisiana Reports, 215. There the defendant was in the habit of passing his winters, and transacting his business in New-Orleans, in which place he may fairly be presumed to have established his domicil.

*Josephs*, for defendant.

1. The defendant, to the knowledge of plaintiff, never received any value or consideration for the drafts sued on, and consequently is not liable to pay the same; that they were drawn as averred in the petition, and expressed upon their face in consideration of disbursements made by the

plaintiffs for the use of the brig Virginia, in which defendant owned no interest, and that said advances were made by plaintiffs upon the credit and responsibility of the owners of said brig, who were their commercial correspondents. *Abbott on Shipping, p.* 100, *note a.*

2. That the defendant, as drawer of said drafts, was entitled to strict legal notice of protest for non-acceptance, which was not given, the same having been drawn at the instance of plaintiffs in good faith, upon the agents of the brig for her disbursements, and with a reasonable expectation of their being honored. *Chitty on Bills,* 196, 197, 208. *Abbott on Shipping,* 107. 9 *Louisiana Reports,* 124. 4 *Cranch,* 153.

3. It will also appear that the said claim is barred by the prescription of five years. *Louisiana Code,* 3505, 3506. 4 *Louisiana Reports,* 215.

*Martin, J.,* delivered the opinion of the court.

The defendant, sued on several bills of exchange, pleaded want of consideration, that he had no notice of protest and prescription. There was judgment in his favor on the plea of prescription, and the plaintiffs appealed.

The facts of the case are these : the defendant was master, and the plaintiffs agents of the owners of the brig Virginia. And the drafts were given by the defendant to the plaintiffs for their disbursements on account of the brig, on the agents of her owners in Baltimore. It is clear, that in general, the master who receives supplies for the vessel, binds her, the owners, and himself. In the present case, the disbursements were made, rather at the request of the owners, than that of the master. The plaintiffs appear to have been the consignees of the brig, and of another vessel of the same owners; and the drafts were given by the defendant, not on his own account, but as an agent of the owners, with the knowledge of the plaintiffs, particularly with a view to establish the correctness of the account of their disbursements accompanying the drafts. This case is not to be distinguished from that of Krumbaar *vs.* Ludeling. 3 *Martin,* 640.

EASTERN DIST.
*March,* 1837.

LINCOLN ET AL.
*vs.*
SMITH.

Where the master of a ship draws a bill in favor of the agents and consignees of the vessel, for the supplies and disbursements they have made, and with their knowledge that he drew as master, and not on his own account, he will not be liable.

The drawer of a bill may show that he drew it as agent of another, and not on his own account.

In both cases, the drawer, though apparently acting for himself, really acted in the knowledge of the persons who received the bill, merely as agents, and consequently, did not incur any personal liability.

It appears to us, that the defendant received no consideration for the draft, and cannot be responsible therefor.

It is, therefore, ordered, adjudged and decreed, *that the* judgment of the Parish Court be affirmed, with costs.